IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                  Plaintiff,

v.

DE'ALLO GORDON,

                  Defendant.

ORDER

08-cv-273-bbc
06-cr-103-jcs

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant De'Allo Gordon has filed a timely motion under 28 U.S.C. § 2255, seeking a reduction in his sentence based on the disparity between sentences for powder cocaine offenses and crack cocaine offense and on the disparity between his sentence and those given his co-defendants.

      Because defendant took an appeal from his sentence and had an opportunity to raise the issue of the disparities in his sentence, he is barred from raising those issues again. "An issue not raised on direct appeal is barred from collateral review absent a showing of both *good* cause for failure to raise claims on direct appeal and actual *prejudice* from the failure to raise those claims or if a refusal to consider the issue would lead to a fundamental miscarriage of justice." Prewitt v. United States, 83 F.3d 812, 816 (7th Cir. 1996) (citing

1

Theodorou v. United States, 887 F.2d 1336, 1339 (7th Cir. 1989), and Reed v. Farley, 512 U.S. 339, 354 (1994)). Defendant has not suggested any cause for his failure to raise these claims on direct appeal or explained what prejudice he would suffer if he cannot raise his claims at this time.

Defendant seems to think he might be eligible for resentencing under Kimbrough v. United States, 128 S.Ct. 558 (2007), but he is wrong. His appeal became final before Kimbrough was decided and the Supreme Court has not given Kimbrough retroactive effect on sentences that became final before it was decided.

However, defendant may be eligible for a two-level reduction in his sentence under 18 U.S.C. § 3582, which allows a court to reduce a sentence if the term of imprisonment was based upon a sentencing range that has since been reduced by the Sentencing Commission. If he wishes to pursue such a reduction, he should advise the court in writing.

ORDER

IT IS ORDERED that defendant De'Allo Gordon's motion for postconviction relief pursuant to 28 U.S.C. § 2255 is DENIED because the claims that defendant is seeking to raise are ones he could have raised on appeal and he has not shown cause for his failure to raise his claims then and actual prejudice if he is not allowed to raise them now. Defendant

is free to seek relief pursuant to 18 U.S.C. § 3582.

Entered this 16th day of May, 2008.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge

3